UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------   X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

**MDL No. 2100**

---------------------------------------------------------

**This Document Relates to:**

*McNeal v. Bayer Schering Pharma AG et al* No. 3:10-cv-11307-DRH-PMF

*Tessie Latiolas, et al. v. Bayer Schering Pharma AG, et al.* No. 3:10-cv-11310-DRH-PMF

*Janet Damond v. Bayer Corporation, et al.* No. 3:10-cv-11374-DRH-PMF

*Blakely Wall v. Bayer Corporation, et al.* No. 3:10-cv-11387-DRH-PMF

*Charis Williamson v. Bayer Corporation, et al.* No. 3:10-cv-11407-DRH-PMF

*Shari Jackson-Echols v. Bayer Corporation, et al* No. 3:10-cv-11428-DRH-PMF

*Melody Smith, et al. v. Bayer Corporation, et al.* No. 3:10-cv-11842-DRH-PMF[1]

*Alexis Alexander v. Bayer Corporation, et al.* No. 3:10-cv-11875-DRH-PMF

*Della Fleming v. Bayer Corporation, et al.* No. 3:10-cv-11941-DRH-PMF

*Tiffany Ivory v. Bayer Corporation, et al.* No. 3:10-cv-11968-DRH-PMF

**Judge David R. Herndon**

---

[1] This **Order applies to plaintiff Heidi Korndorffer only**. **THE COURT INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**.

*Jessica Richardson v. Bayer Corporation, et al.* No. 3:10-cv-12087-DRH-PMF

*Lenora Reese v. Bayer Corporation, et al.* No. 3:10-cv-12094-DRH-PMF

*Alice Watson v. Bayer Corporation, et al.* No. 3:10-cv-12126-DRH-PMF

*Larisa Hardie v. Bayer Corporation, et al.* No. 3:10-cv-12666-DRH-PMF

*Loretta Burns v. Bayer Corporation, et al.* No. 3:10-cv-12686-DRH-PMF

*Ju Gomez v. Bayer Corporation, et al.* No. 3:10-cv-12687-DRH-PMF

*Nancy Richardson v. Bayer Corporation, et al.* No. 3:10-cv-12706-DRH-PMF

*Kimberly Sutton v. Bayer Corporation, et al.* No. 3:10-cv-12738-DRH-PMF

*Jacklyn Waites v. Bayer Corporation, et al.* No. 3:10-cv-12743-DRH-PMF

*Delma Reyes v. Bayer Corporation, et al.* No. 3:10-cv-12765-DRH-PMF

*Christy Walton v. Bayer Schering Pharma AG, et al.* No. 3:10-cv-13076-DRH-PMF

*Karen Zuanich v. Bayer Schering Pharma AG, et al.* No. 3:10-cv-13079-DRH-PMF

*Sade Stephens v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13628-DRH-PMF

*Robin Hackler v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-13811-DRH-PMF

*Shawntai Williams v. Bayer Corporation, et al.* No. 3:10-cv-13857-DRH-PMF

*Yvonne Reed v. Bayer Corporation, et al.* No. 3:10-cv-13863-DRH-PMF

*Caitlin Lilly v. Bayer Corporation, et al.* No. 3:10-cv-13869-DRH-PMF

*Tiana Miller, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-10001-DRH-PMF[2]

*Felicia Lockett, et al. v. Bayer Schering Pharma AG, et al.* No. 3:11-cv-10335-DRH-PMF[3]

*Veronica Granados, et al. v. Bayer Schering Pharma AG, et al.* No. 3:11-cv-10345-DRH-PMF[4]

*Moria Webb, et al. v. Bayer Schering Pharma AG, et al.* No. 3:11-cv-10434-DRH-PMF[5]

---

[2] This **Order applies to plaintiff Sabrina Matthews only**. The Court **INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**. As to plaintiff Sabrina Matthews, the Court notes that it granted counsel's motion to withdraw on June 22, 2015. In that order, the Court directed withdrawing counsel to serve a copy of the order of withdrawal and of the pending motion to dismiss on plaintiff Matthews. Further, among other things, the Court advised the plaintiff her responsive pleading was due on or before July 23, 2015 and warned the plaintiff regarding the risk of dismissal.

[3] This **Order applies to plaintiff Felicia Lockett only**. However, as all other plaintiffs have previously been dismissed, the **dismissal of plaintiff Felicia Locket CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY**. Judgement will not be entered as at least one of the plaintiffs has been dismissed without prejudice.

[4] This **Order applies to plaintiff Veronica Granados only.** However, as all other plaintiffs have previously been dismissed, **the dismissal of plaintiff Veronica Granados CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY. FURTHER, as all parties have been dismissed with prejudice, the Court INSTRUCTS THE CLERK TO ENTER JUDGMENT REFLECTING THE SAME.**

[5] This **Order applies to plaintiff Moria Webb only.** However, as all other plaintiffs have previously been dismissed, **the dismissal of plaintiff Moria Webb CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY. FURTHER, as all parties have been dismissed with prejudice, the Court INSTRUCTS THE CLERK TO ENTER JUDGMENT REFLECTING THE SAME.**

*Saby Jimenez, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-10871-DRH-PMF

*Jessica Mulhall v. Bayer Corporation, et al.* No. 3:11-cv-11559-DRH-PMF

*Cory Hagen, et al. v. Bayer Pharma AG, et al.* No. 3:11-cv-12272-DRH-PMF[6]

*Jacquline Creekmore v. Bayer Corporation, et al.* No. 3:11-cv-13257-DRH-PMF

*Gloria Romero v. Bayer Corporation, et al.* No. 3:12-cv-10468-DRH-PMF

*Georgia Lee v. Bayer Corporation, et al.* No. 3:12-cv-10490-DRH-PMF

*LaToya Sanders v. Bayer Corporation, et al.* No. 3:12-cv-10754-DRH-PMF

*Monica Uriarte, et al. v. Bayer Pharma AG, et al.* No. 3:12-cv-11255-DRH-PMF[7]

*Megan Lambert, et al. v. Bayer Pharma AG, et al.* No. 3:12-cv-11449-DRH-PMF[8]

*Teattya Cranston, et al. v. Bayer Pharma AG, et al.* No. 3:12-cv-11476-DRH-PMF[9]

---

[6] This Order applies to **plaintiff Cory Hagen only.** However, as all other plaintiffs have previously been dismissed, **the dismissal of plaintiff Cory Hagen CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY. FURTHER, as all parties have been dismissed with prejudice, the Court INSTRUCTS THE CLERK TO ENTER JUDGMENT REFLECTING THE SAME.**

[7] This Order applies to **plaintiff Ashley Hellerich only**. The Court **INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**.

[8] This Order applies to **plaintiff Megan Lambert only.** However, as all other plaintiffs have previously been dismissed, **the dismissal of plaintiff Megan Lambert CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY. FURTHER, as all parties have been dismissed with prejudice, the Court INSTRUCTS THE CLERK TO ENTER JUDGMENT REFLECTING THE SAME.**

*Stephanie Jackson v. Bayer Pharma AG, et al.* No. 3:12-cv-11558-DRH-PMF[10]

*Martha Ponce v. Bayer Corporation, et al.* No. 3:12-cv-11594-DRH-PMF

*Tammiah Tuggle v. Bayer Corporation, et al.* No. 3:13-cv-10008-DRH-PMF

*Jacqueline Lewis v. Bayer Corporation, et al* No. 3:13-cv-10084-DRH-PMF

*Francena Griswold v. Bayer Corporation, et al.* No. 3:13-cv-10100-DRH-PMF

*Karen Wysinger v. Bayer Corporation, et al.* No. 3:13-cv-10123-DRH-PMF

---

[9] This Order applies to plaintiff **Celia Reid only**. The Court **INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**.

[10] This Order applies to plaintiff **Teresa Lynn Awan only**. The Court **INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**.

*Jennifer Gibson, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:13-cv-10554-DRH-PMF[11]

*Charity Cooksey, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:14-cv-10232-DRH-PMF[12]


**HERNDON, District Judge:**

This matter is before the Court on defendants' motions to dismiss the above captioned plaintiffs' claims with prejudice for failure to comply with CMO 70. None of the above captioned plaintiffs has filed a response. The Court deems each plaintiff's failure to respond as an admission on the merits of the defendants' motion. *See* S.D. Ill. Local Rule 7.1(c). For the reasons discussed herein the motions are **GRANTED**. The above captioned plaintiffs' claims are dismissed WITH prejudice.

---

[11] This Order applies to plaintiff **Jennifer Gibson** only. However, as all other plaintiffs have previously been dismissed, **the dismissal of plaintiff Jennifer Gibson CLOSES THE CASE. The Court DIRECTS THE CLERK TO TERMINATE THE ACTION IN ITS ENTIRETY. FURTHER, as all parties have been dismissed with prejudice, the Court INSTRUCTS THE CLERK TO ENTER JUDGMENT REFLECTING THE SAME.** Finally, as to plaintiff Jennifer Gibson, the Court notes that it granted counsel's motion to withdraw on June 22, 2015. In that order, the Court directed withdrawing counsel to serve a copy of the order of withdrawal and of the pending motion to dismiss on plaintiff Gibson. Among other things, the Court advised the plaintiff her responsive pleading was due on or before July 23, 2015 and warned the plaintiff regarding the risk of dismissal.

[12] This **Order applies to plaintiff Charity Cooksey only**. The Court **INSTRUCTS THE CLERK TO REVISE THE DOCKET ACCORDINGLY**. As to plaintiff Charity Cooksey, the Court notes that it granted counsel's motion to withdraw on June 22, 2015. In that order, the Court directed withdrawing counsel to serve a copy of the order of withdrawal and of the pending motion to dismiss on plaintiff Cooksey. Further, among other things, the Court advised the plaintiff her responsive pleading was due on or before July 23, 2015 and warned the plaintiff regarding the risk of dismissal.

The Court entered CMO 70 (09-2100 Doc. 3634) on February 13, 2015. Among other things, CMO 70 provides a procedure for addressing cases where defendants maintain the plaintiff has not consumed YAZ, Yasmin, or any of the generic equivalents. More specifically, CMO 70 included the following directives:

1. Defendants were instructed to submit a list identifying the subject plaintiffs to lead counsel for the PSC.
2. Lead Counsel for the PSC was instructed to contact the attorneys representing the identified plaintiffs and advise them of the allegation.
3. The attorneys representing the identified plaintiffs were ordered to (1) submit the plaintiff to a deposition confined to the issue of the prescription and taking of the subject matter pharmaceuticals and other oral contraceptives during the relevant time period or (2) submit an affidavit outlining all contraceptives taken by the plaintiff during the relevant time period, the name of the prescriber, and providing a medical release. The deadline for completing this requirement was 30 days from the date of identification by the defendants.
4. Thereafter, plaintiffs who did not take the subject pharmaceuticals were directed to file a voluntary dismissal or show cause why the Court should not summarily dismiss the case.

Defendants submitted the list identifying the subject plaintiffs to lead counsel on April 15, 2015. The above captioned plaintiffs were identified on the

list and received notice of the same from Lead Counsel.[13] None of the above captioned plaintiffs took any action with regard to CMO 70.

Thereafter, in May 2015, the defendants sent letters to the attorney of record for each of the above captioned plaintiffs regarding CMO 70 obligations and deadlines. The first letter reminded each plaintiff about the requirements of CMO 70 and stated that the subject plaintiff had not provided an affidavit or contacted defendants about dismissing the case. The letter also included a deposition notice. None of the above captioned plaintiffs responded or took any other action with regard to CMO 70. Defendants then sent a second letter. The second letter, once again, reviewed the requirements of CMO 70 and advised that the subject plaintiffs must dismiss or show cause within 21 days. Once again, none of the above captioned plaintiffs responded.

Accordingly, defendants filed the present motion seeking a with prejudice dismissal for failure to comply with CMO 70.  Under this Court's local rules, the above captioned plaintiffs had 30 days to respond to the motion for with prejudice dismissal. As previously noted, the time for responding has passed and none of the above captioned plaintiffs have filed a response.

As described above, the above captioned plaintiffs have been given numerous opportunities to comply with CMO 70. Despite repeated notifications and reminders, the subject plaintiffs have made no effort to comply with this

---

[13] As none of the above captioned plaintiffs have responded to this motion, the Court presumes that each plaintiff received the notice contemplated by CMO 70.

Court's orders. In addition, the plaintiffs have completely failed to respond to the subject motions to dismiss.

In light of the above, the Court finds that dismissal with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court rule or order is warranted. The Court realizes this is a harsh remedy, but the Court takes this course of action having considered the above captioned plaintiffs repeated disregard for their obligations under CMO 70 and complete failure to respond to the subject motions to dismiss.

For the reasons described herein, the above captioned plaintiffs' claims are dismissed with prejudice. The dockets shall be revised accordingly. **FURTHER**, the Court directs the Clerk of the Court to enter judgment in accord with the Court's directives as described in the footnotes to this Order.

**IT IS SO ORDERED.**

Signed this 10th day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.10 16:13:42 -05'00'

**United States District Court**